# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALVIN SIMMONS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 13-1144 |
| v. | ) | Judge Cathy Bissoon |
| AAA CLUB INSURANCE, MGR DONALD SIMS, and ROBERT L. DARHELNET, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, this case will be dismissed, with prejudice, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915, as being frivolous and malicious, and for failing to state a claim on which relief may be granted.[1]

Plaintiff Alvin Simmons ("Plaintiff"), currently is an inmate of the Allegheny County Jail in Pittsburgh, Pennsylvania. Plaintiff brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the Fourth, Fifth, Sixth and Tenth Amendments to the Constitution of the United States. (Doc. 2 at 2). Specifically, Plaintiff alleges that, on or about April 26, 2012, while at the offices of a AAA travel agency in Pittsburgh, he was forced to perform an unspecified sex act by Defendant Sims,

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on August 8, 2013. See Text Order of Aug. 8, 2013. As a result, it is proper to analyze his complaint under the screening provisions of 28 U.S.C. § 1915, which require a court to dismiss, *sua sponte*, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See, e.g., Stackhouse v. Crocker, 266 F. App'x. 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915 is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).

1

who allegedly is employed by AAA.  Id.  No factual allegations are made against Defendant Darhelnet, who appears to have been targeted by Plaintiff solely by virtue of his alleged position as president and CEO of AAA.

At the outset, the allegations in this complaint are almost identical to an earlier case filed by Plaintiff, in which he claimed that Defendant Sims solicited him for sex in exchange for "Disney tickets" on the same date of the alleged events in the instant complaint.  See Simmons v. AAA E. Cent. Century III Office, No. 12-1457, 2012 WL 5381413, at *1 (W.D. Pa. Oct. 31, 2012).  That case was dismissed *sua sponte* as frivolous and for failing to state a claim on which relief could be granted, pursuant to 28 U.S.C. § 1915.  Id. at *2.  That decision was summarily affirmed by the Court of Appeals.  Simmons v. AAA E. Cent. Century III Office, No. 12-4369, 2013 WL 1080535, at *1 (3d Cir. Mar. 15, 2013).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: first, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).  Here, it is not alleged that any Defendant is a state actor – and indeed, given the context of Plaintiff's factual allegations, any conclusion to the contrary would be ludicrous.  As such, his claims under Section 1983 fail, and they will be dismissed.  Moreover, as it is clear that any leave to amend would be futile,

2

dismissal will be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).[2]

Given that Plaintiff's factual allegations echo those made in his earlier cause of action almost verbatim – and that almost identical legal claims were raised with, and rejected by, this Court and the Court of Appeals – it strains credulity to believe Plaintiff somehow was unaware of the lack of merit of his current case. Accordingly, Plaintiff is cautioned that, by presenting this Court with filings that he knows to be meritless, he exposes himself to the possibility of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D. Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003)).

Moreover, this Court takes note of the fact that Plaintiff is a serial litigant, and that many of his civil actions that are available on the Court's electronic filing system have been dismissed for failure to state a claim, lack of jurisdiction, or failure to prosecute in some fashion. See, e.g.,

---

[2] In light of Plaintiff's explicit assertion that this cause of action is based solely on alleged violations of his constitutional rights, see (Doc. 2 at 2), this analysis would seem to be dispositive of the entirety of this case. However, the pleading requirements for *pro se* litigants are more liberal than those for attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus – setting aside the possible issue of judicial estoppel with respect to his inconsistent allegations – it is worthwhile to address, out of an abundance of caution, the possibility that Plaintiff may be attempting to plead a state law cause of action as well. Even if that is the case, however, Plaintiff has provided no factual allegations for this Court even to speculate that diversity jurisdiction might exist to hear those claims. While Plaintiff's current incarceration in Pennsylvania is not dispositive of his ultimate domicile, see Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)), a brief search for Plaintiff on this Court's electronic filing system returns a multitude of cases filed by him that would suggest that he is a citizen of Pennsylvania. Compare, e.g., Civil Action Nos. 11-302, 11-1628 and 12-37; see also Criminal Action No. 10-85. The complaint contains no allegations regarding the domicile of Defendants, other than to indicate that Defendant AAA has offices in Pittsburgh, Pennsylvania.

Civil Action Nos. 12-37 (dismissed for lack of subject matter jurisdiction); 12-1518 (same); 13-219 (failure to prosecute); 13-550 (same). This is just a small sample of Plaintiff's filings and, based on his latest duplicative cause of action, it is clear that he has no intention of ceasing his abuse of the courts. Plaintiff is warned that, if he persists in the filing of harassing and meritless cases, he risks being designated a vexatious litigant, which may limit his ability to file civil cases without prior authorization by this Court. See Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); see also Fessler v. Sauer, 455 F. App'x 220, 224–25 (3d Cir. 2011).

AND NOW, this 9th day of August, 2013,

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1915, Plaintiff's complaint is DISMISSED with PREJUDICE as frivolous and malicious, and for failing to state a claim on which relief may be granted.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**ALVIN SIMMONS**
896
950 Second Ave.
Pittsburgh, PA 15219